All right, our next case for argument, United States v. Mark Christopher Baker. Whenever you're ready. Your Honor, may it please the court, my name my name is Jay Opsiowicz and I'm representing Mr. Baker on his appeal. We're raising three issues challenging conditions of supervised release after Mr. Baker had admitted to accessing legal pornography with an internet-capable device. Specifically, we're challenging the reimposition of lifetime term of supervised release. We're challenging a condition of supervision prohibiting Mr. Baker from accessing legal pornography through electronic means. And we're challenging a condition directing Mr. Baker to notify his employer of his offense and criminal history on the ground that is not reasonably related to his offense of conviction. It's my intention this morning to focus on the procedural reasonableness of the lifetime term of supervision and the condition prohibiting Mr. Baker from accessing legal pornography. As the employment condition, I do want to point out that the government has conceded that there is no information on this record that supports imposition of the condition requiring such special notice to his employer. And further, there is already a special condition barring his use of a computer to access pornography and requiring him to register with the State Sex Offender Registration. Okay. Counsel, government says that the first two were waived originally or not. They then say they were also waived at the second stage when you were being reimposed. Let's assume that they were not waived because waiver requires maybe, I think, you know, pornography is close to waiver. But aren't they at least forfeited and is subject to plain error review? And under plain error review, if the question is do you give more of an explanation, doesn't the fact that you didn't say anything create a sandbagging thing? If you had said something, maybe the government would have explained why here they should give lifetime supervision. So isn't this exactly the kind of case where plain error is at its strongest simply because had you said something, they could have given the explanation. I do acknowledge that these claims weren't preserved below. But we believe that we still can't survive plain error review. There is error that it was here. The error is plain. And it does affect Mr. Baker's substantial rights. If I can just ask you, with regard to the lifetime supervision? To the lifetime supervision and to the question as to the access of legal rights, the lifetime supervision, at least, was a part of the original plea agreement and was a part of what was waived at the time of the original agreement in 2010. I would disagree, Your Honor, that the lifetime supervision was not part of the appellate waiver. That the sentence, the waiver didn't include reference. To my knowledge, it did not, Your Honor. But nevertheless, there was no challenge. There was no challenge at that time. It seems somewhat curious that violating your supervision gets you to challenge a condition you didn't oppose at the start. Help me out with that. Your client is not before the court complaining that he has been in compliance for 10 years. He wants the lifetime supervision lifted. The district court didn't lift it. And now you're appealing. This is someone who's violated his supervised release. There was, yes, there was a technical violation that occurred here. What wound up happening is we had a series of modifications that took place. And that's what led us down this rabbit hole that has created these problems for him. He went out, was released from his carceral sentence. He was in full compliance for three and a half years. And then his probation officer was concerned that he was allowed to do at the time on the Internet and convinced him to agree to a modification. Getting back to Judge Calabresi's point about reviewing this for plain error, we have some cases that have found wholesale pornography viewing restrictions too broad. But we have some that have permitted that condition, especially when there's been some concern about recidivism. Now, how do we conclude in light of the fact that our case law has been very case specific that this one is one of plain error? Because I think we can look at what he's been doing. He has been in compliance with everything else that it is this problem. I think the question as to then what becomes pornography and what he can and cannot look at based on this condition, and it's pornography through electronic means, how limiting this becomes. The court in its original judgment defined what pornography was. And it included assimilated sexual acts. Based on this given the massive amount, and I'm quoting now, of content he had been viewing at his home, he was considered a significant risk factor. Well, one of my concerns here is we don't know what a massive amount was. We also know that... Okay, more than four. Okay. I mean, we're talking about, the record suggests that we're talking about, what is it, scores of images. And his violation is that he's viewing it again and he's chatting. And so this does not bespeak a, you don't have to have a concern. This is not a case where you need to have a concern. I won't disagree with you on the facts that are set forth in the modifications and in the petition. But I think when we start looking at how broad this becomes, this would also prevent him from subscribing to programming such as HBO, Netflix, Hulu, all types of electronic programming that may have things that are described as assimilated sexual acts in their movies. Well, you know, you can always go to the district court and ask for a modification. And so if you want a modification that allows your client to have a subscription to HBO, you can seek that. And when the district court denies you that, you can ask us to hear you again. Now we're being told that he can't just view pornography. And as I gather it, the problem here was he was on pornography sites. He wasn't on HBO. To my knowledge, well, I don't know what sites specifically he was on, but yes, he was viewing pornography on the internet. And that is what the record states, Your Honor. If there are any other questions, I have reserved two minutes for Yes, thank you. May it please the court, Monica Richards on behalf of the United States of America. The issues here, again, having conceded the employer notification condition finds no support in the record. Leave us with the two that were discussed, whether or not the lifetime term of supervised release, which was reimposed, was reasonable, and whether or not there was also the reimposition of the no online viewing of pornography was reasonable. Let me put this to you. We are sending it back, or you suggest we should send it back for the notification. We've written, I wrote, in fact, in an opinion sometime that lifetime supervised release may be okay, but it is rather extreme, and so it is proper behavior for the court to give an explanation of why it does that. Now, here, it's plain error, okay, but if we're sending it back for one thing, doesn't it maybe make sense to say to the court, give us an explanation for this? I'm not saying that this should be something that ought to be done if there were no reason to send the thing back, but once we're sending it back with your agreement on one thing, to say to the court, tell us why supervised release was sensible to begin with, is still sensible now. That's my only question. I appreciate that, Your Honor, but I think I circle back to something that Your Honor said, which was plain error here is at its strongest in this case. This wasn't a matter of just no explanation for this term. It was what the defense attorney requested, requested re-imposition of lifetime term, and the whole negotiations regarding this thing were about whether or not it would be re-imposition to time served sentence or term of incarceration, or it would be no term of incarceration. Either way, we were going to do lifetime supervised release. Then there was the question of whether or not non-technical violations would be just subject to automatic incarceration. So those were the things that were issued. Nobody was talking about whether or not this was going to be a lifetime term of supervised release. This attorney specifically requested it, said at 851 on the record is the key part, re-imposition of supervised release with a zero tolerance condition, something the parties have spent a considerable amount of time discussing. So here I do think I understand the court's thoughts on that. I do think that there's other ways that it could come up. As was mentioned, it could be a request for a modification. It could come up in the return. I am frankly thinking more of giving signals to district courts that when they do lifetime supervised release, that they should tell us something, and what is the best way of suggesting to the court without ultimately suggesting any real change, but that they might give us an explanation. That's my only question, almost in terms of our job of guiding district courts. I don't have... Your Honor can absolutely do that. It's not my position or my place to tell you you can or cannot do that. In this case, yes, it will be going back for something. Well, but in this case, you're agreeing that it goes back for an explanation of why he has to tell his employer, an employer. So we would vacate that condition and remand it for the district court to either explain why it's necessary or delete it? Is that what we would do, or would we not have to vacate? Because then I'm going to ask you the same question about the lifetime supervision. If we want the district court to provide an explanation, how do we do that? How do you agree or not agree to our doing it? To do it in an affirmative manner, not just a suggestion for how to do it better? Well, that's the problem, as Judge Rotchie has said. If we vacate, we can ask for an explanation. But can we ask for an explanation without vacating, and what is the possible grounds for vacating? Well, I just want to say first, I think procedurally, it's a limited remand that we've consented to. Well, it wouldn't vacate anything else. But look, I mean, we have the option of the kind of remands we've used sometimes where we hold the question open while we ask the district court to provide an explanation. I don't know whether we would do that in this case because of the argument that you've made about how it was waived when it was initially imposed. But I got the sense that you were telling Judge Calabresi that if that's what we want to do, do it. And I just wanted to ask you how you want to do it. How would you do it? I didn't say it was okay to vacate into it. I said the court can provide any footnote or any explanation. I've seen this from this court before in terms of guiding principles for the district court, and I often appreciate those. So I think it prevents me from coming back up here again. But I think that in this case, on these facts, I don't think this is the case to do it. I don't think this is the case to do much at all with regard to the term of supervised release. We do have a very real problem here with the waiver in the first instance. Even if it's not waiver based on the 2010 indictment, which I would just circle back to Judge Lee's question, there was indeed a waiver as to the term of supervised release during the 2010 proceeding. It's in the record at a, excuse me for flipping my pages here. Of course, if there's true waiver, we can't review it at all. Well, true waiver in this, right, with regard to this sentence. And that's why we asked you whether it was more appropriately viewed as Right, and that leads us back to the same point. And your view is it's not just forfeiture, it's true waiver? Well, I argued waiver, but even if I argued waiver based on that... I know, and I'm asking you today whether you're maintaining that or whether you're agreeing that it's forfeiture and that it should be plain error review. I'm not urging you to take one position or the other. I just want to know what your position is. I made the argument that it's error, that it's, excuse me, that it's waiver based on the agreement, true waiver. I would accept even if that it's error based, that it's waiver, excuse me, based on that language at A51. But of course, if we were to decide your way, we can say we don't need to decide whether it's waiver because it is at least forfeited and plain error does not apply. I mean, that is easy enough for us to do if that's what we want to do. We were deciding it. I agree, Your Honor, yes. The question regarding plain error then leads us to whether or not this was error that was plain, and I would absolutely say this was not. It was a term that was within the statutory limits. It was a term that was recommended by the sentencing guidelines. I know that's not the be all and end all. I know somebody, Judge Rodgers, you noted, who needs these services, who needs that he requested imposition of this condition regarding pornography. As I said, it's curious to think that we would say that someone who has violated his supervision doesn't need a condition that he agreed to when it was first imposed and that he now has not abided by. I think, Your Honor, yes. Or at least that that's such injustice to cover plain error. Thank you, Your Honor. That's also true. If there's no other questions. No. Thank you. Thank you very much. Thank you. I'd like to focus, actually go back to the question you asked my colleague about sending the lifetime supervision back. If you're going to agree and send back on the employment condition, I think it would be a good idea to ask the court to address the lifetime terms. But how do we do that without vacating in a situation that vacator seems improper because it doesn't meet the standard of plain error? Well, I think you could find a plain error because there was no explanation for it. You can tell the court that it may reimpose the condition so long as it provides an explanation for why lifetime supervision is appropriate. Well, there's another way to approach this is you'll be back before the district court on the question of the employer, make your motion to have the lifetime supervised release lifted and tell the district court why. And the district court will either be persuaded or it will not and explain its reasons at that time. Why isn't that the cleaner way to do it? I think it helps to have the court give forth the direction on it so that the question would be entertained properly. And I think it would fit with the directions that the sentencing commission would like us to go to. They did recently modify, change the guidelines. They did in the 2025 amendments tell us and tell the courts that they want an explanation on the record for why the term of supervised release is imposed. So we can look at that as the basis for doing that. If the court has any further questions, we have to entertain them. Thank you. Thank you very much. Thank you, Your Honors. And we'll take this case under advisement.